UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE MILLER
        Plaintiff,   Case No.: 8:16-cv-01996-SDM-JSS

VS.

BAYCARE HOME CARE, INC,
        Defendant.

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant **BAYCARE HOME CARE, INC.,** (hereafter referred to as "BayCare" or "Defendant") by and through its undersigned attorneys files this Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

### **INTRODUCTION**

1. The TCPA was enacted to prevent companies like BAYCARE HOME CARE, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

**RESPONSE: Defendant is without knowledge or information sufficient to admit or deny this allegation and accordingly denies the same.**

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

**RESPONSE: Defendant is without knowledge or information sufficient to admit or deny this allegation and accordingly denies the same.**

1

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Cir. 2014).

**RESPONSE: Defendant is without knowledge or information sufficient to admit or deny this allegation and accordingly denies the same.**

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones, Federal Communications Commission, (May 27, 2015), https://apps.fcc.goviedocspublie/attachmatch/DOC-333676A I .pdf.

**RESPONSE: Defendant is without knowledge or information sufficient to admit or deny this allegation and accordingly denies the same.**

**JURISDICTION AND VENUE**

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

**RESPONSE: Admit that jurisdiction and venue are proper; otherwise denied including that any violation of the TCPA occurred.**

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC,* S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1249 (11th Cir. 2014).

**RESPONSE: Admit that jurisdiction is proper; otherwise denied including that any violation of the above listed statute occurred.**

7. Venue is proper in this District as Plaintiff resides within this District (Hillsborough County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Hillsborough County, Florida.

**RESPONSE: Admit that venue is proper; otherwise denied including that any violations occurred.**

**FACTUAL ALLEGATIONS**

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

**RESPONSE: Defendant admits Plaintiff is a natural person. Defendant is otherwise without knowledge or information sufficient to admit or deny Plaintiff's citizenship or current residency and accordingly denies the same.**

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.,* 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242 (1 1th Cir. 2014).

**RESPONSE: To the extent the request contains legal conclusions as to whether the Plaintiff was the "called party" under the TCPA, no response is required. Defendant admits it made calls to Plaintiff; otherwise denied.**

10. Defendant, BAYCARE HOME CARE, INC.(hereinafter "Baycare"), is a corporation which was formed in Florida with its principal place of business located at 8452 118th Avenue N., Largo, FL., 33773 and which conducts business in the State of Florida through its registered agent, BayCare Health System, Inc., located at 2985 Drew Street, Clearwater, FL., 33759.

**RESPONSE: Admit that BAYCARE HOME CARE is a corporation which was formed or doing business in Florida with its principal place of business located at 8452 118th Avenue N., Largo, FL., 33773 and that BayCare Health System, Inc. located at 2985 Drew Street, Clearwater, FL is the registered agent of Defendant; otherwise denied.**

11. Baycare called Plaintiff approximately 200 times since August 2013, in an attempt to solicit medical supplies.

**RESPONSE: Admit that BayCare called Plaintiff regarding her medical care during the period of time after August 2013; otherwise denied.**

12. Upon information and belief, some or all of the calls BayCare made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.0 § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that her knew it was an autodialer because of the vast number of calls she received and because she received prerecorded messages from BayCare.

**RESPONSE: Admit that some of the calls Baycare made to Plaintiff included a prerecorded message and was dialed using a phone system. To the extent the request contains legal conclusions as to whether the system used was an "automatic telephone dialing system" under 47 U.S.C § 227(a)(1), no response is required. Defendant is without knowledge or information sufficient to admit or deny Plaintiff's personal knowledge or how she will testify and accordingly denies the same; otherwise denied.**

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (813) \*\*\*-1863, and was the called party and recipient of DefenDant's calls.

**RESPONSE: Admit that Plaintiff provided Defendant with a number ending in 1863 as a phone contact number and that Defendant called Plaintiff at that number. Defendant is without knowledge or information sufficient to admit or deny the remainder of the allegations and accordingly denies the same.**

14. Beginning on or about August 2013, BayCare began bombarding Plaintiff's cellular telephone (813) ***-1853 in an attempt to solicit medical supplies.

**RESPONSE: Admit that Defendant called Plaintiff at a number ending in 1853 on or after August 2013; otherwise denied.**

15. Defendant knowingly and/or willingly harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to two (2) times a week from approximately August 1, 2013 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to solicitation of medical supplies.

**RESPONSE: Admit that Defendant called Plaintiff at a number ending in 1853 on or after August 2013; otherwise denied.**

16. On or about September 2013 Plaintiff first requested the calls to her cell phone cease. The Plaintiff orally revoked her consent to be called by the Defendant many more times in an effort to stop the calls.

**RESPONSE: Denied.**

17. Each of the auto dialer calls the Defendant made to the Plaintiff's cellular telephone after September 2013 were done so after she had revoked consent.

**RESPONSE: Denied.**

18. Plaintiff is the regular user and carrier of the cellular telephone number (813) ***-

1863 and was the called party and recipient of Defendant's auto dialer calls.

**RESPONSE: Admit that Plaintiff provided Defendant a phone number ending in 1863 and that Defendant made calls to that number; Defendant is without knowledge or information sufficient to admit or deny the remainder of the allegations and accordingly denies the same.**

19. The auto dialer calls from Defendant came from the telephone number including but not limited to (800) 940-5151 and when that number is called, a pre-recorded voice identifies the company as "BayCare Home Care".

**RESPONSE: Admit that Defendant made calls from (800) 940-5151 to Plaintiff and that when that number is called, a pre-recorded voice identifies the company as "BayCare Home Care"; otherwise denied.**

20. Despite the Plaintiffs multiple requests for the calls to stop, the Defendant continued to call the Plaintiff.

**RESPONSE: Denied.**

21. The Plaintiff received an estimated two hundred (200) calls from the Defendant between the time she initially revoked her consent to be called in September 2013 and the filing of this law suit, and estimates dozens of other calls before that time period.

**RESPONSE: Admit that Plaintiff received calls from Defendant after September 2013; otherwise denied.**

7

22.     Despite Plaintiff informing Defendant to stop calling, the Defendant called the Plaintiff repeatedly, including but not limited to calls Plaintiff was able to log on December 14, 2015; December 17, 2015; December 21, 2015; December 26, 2015; January 4, 2016 and January 7, 2016.

**RESPONSE: Admit that Defendant called Plaintiff on December 14, 2015; December 17, 2015; January 4, 2016 and January 7, 2016; otherwise denied.**

23.     BayCare has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

**RESPONSE: Admit that Defendant makes calls to individuals using a pre-recorded voice message; otherwise denied.**

24.     BayCare has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or BayCare to remove the number.

**RESPONSE: Admit that Defendant makes calls to individuals using a pre-recorded voice message; otherwise denied.**

25.     BayCare's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to BayCare they do not wish to be called.

**RESPONSE: Denied.**

26. BayCare's corporate policy provided no means for Plaintiff to have Plaintiffs number removed from BayCare call list.

**RESPONSE: Denied.**

27. BayCare has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

**RESPONSE: Denied.**

28. Not one of BayCare's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(l)(A).

**RESPONSE: Denied.**

29. BayCare willfully and/or knowingly violated the TCPA with respect to Plaintiff.

**RESPONSE: Denied.**

30. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of

Plaintiffs cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

**RESPONSE: Denied.**

**COUNT I — VIOLATION OF THE TCPA**

31. Plaintiff fully incorporates and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

**RESPONSE: Defendant realleges its responses to the allegations of paragraphs 1 through 30 of this Complaint as though fully set forth herein.**

32. BayCare willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiffs cellular telephone after Plaintiff notified BayCare that Plaintiff wished for the calls to stop

**RESPONSE: Denied.**

33. BayCare repeatedly placed non-emergency telephone calls to Plaintiffs cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.0 § 227(b)(1)(A)(iii).

**RESPONSE: Denied.**

**Defendant denies that Plaintiff is entitled to any of the relief requested under Count I.**

**COUNT II — VIOLATION OF THE FCCPA**

**Count II has been dismissed from the lawsuit and accordingly no response is required; to the extent any response is required, Defendant denies the allegations in Count II.**

**GENERAL DEFENSE**

Any allegations not expressly admitted herein are denied. Further, Defendant denies that Plaintiff is entitled to any of the damages sought herein including but not limited to any claim for attorney's fees or costs.

**AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiff, Defendant asserts the following additional or affirmative defenses. Defendant reserves all rights to assert additional or amended defenses:

1. The Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because she consented to receive the calls at issue in this matter.

3. Plaintiff's claims are barred in whole or in part, because the calls at issue in this matter are exempt from the TCPA under the emergency purpose exemption.

4. Plaintiff's claims are barred in whole or in part, because the calls at issue in this matter are allowed by 47 C.F.R. § 64.1200(a)(2).

5. Plaintiff's claims are barred, in whole or in part, because she was not charged for calls at issue in this matter.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches or are otherwise time barred.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and equitable estoppel.

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or ratification.

10. Plaintiff's claims are barred, in whole or in part, for lack of any actual injury or standing to assert a claim.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of recoupment and/or set-off. Defendant is entitled to offset and recoup against any judgment that may be entered for Plaintiff for all obligations owing to Defendant, including but not limited to any unpaid account balances and/or any damages incurred in connection with any transactions between Defendant and Plaintiff.

12. Plaintiff's claims are barred, in whole or in part, because any award would constitute unjust enrichment.

13. Plaintiff's claims are barred, in whole or in part, because any alleged damages were not caused by Defendant but instead by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Defendant is not responsible.

14. Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages, if any.

15. Plaintiff's claims are barred, in whole or in part, because Defendant did not willfully or knowingly violate the Telephone Consumer Protection Act of 1991 or any of its regulations.

16. Plaintiff's claims are barred, in whole or in part, because Defendant substantially complied with the Telephone Consumer Protection Act of 1991 and its regulations.

Defendant also expressly reserves and asserts all affirmative defenses available under any applicable law. Defendant reserves its right to supplement its Answer and to assert additional defenses in the event that discovery or other means indicate that such additional defenses would be applicable.

Respectfully submitted,

Tampa, Florida

August 22, 2016

*/s/ Andrew W. McLaughlin, Esq.*
**ANDREW W. MCLAUGHLIN**
Florida Bar No. 96454
Email: AWM@macfar.com
**MACFARLANE FERGUSON & MCMULLEN**
201 North Franklin Street, Suite 2000
Tampa, FL 33602
Main: (813)273-4200
Direct: (813)273-4357
Fax: (813)273-4396
**Brian J. Aungst, Jr., Esq.**
Florida Bar No. 55347
Email: BJA@macfar.com
**MACFARLANE FERGUSON & MCMULLEN**
625 Court Street, Suite 200
Clearwater, FL 33756
Main: (727) 441-8966
Direct: (727) 444-1403
Fax: (727) 442-8470

*Attorneys for Defendant BayCare Home Care Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished via CMS/ECF Filing to Frank H. Kerney, III and Morgan & Morgan, Tampa, P.A. (fkerney@forthepeople.com, jkneeland@forthepeople.com, amoore2@forthepeople.com) on this 22nd day of August, 2016.

*/s/ Andrew W. McLaughlin, Esq.*
**ANDREW W. MCLAUGHLIN**
Florida Bar No. 96454
Email: AWM@macfar.com
**MACFARLANE FERGUSON & MCMULLEN**
201 North Franklin Street, Suite 2000
Tampa, FL 33602
Main: (813)273-4200
Direct: (813)273-4357
Fax: (813)273-4396
**Brian J. Aungst, Jr., Esq.**
Florida Bar No. 55347
Email: BJA@macfar.com
**MACFARLANE FERGUSON & MCMULLEN**
625 Court Street, Suite 200
Clearwater, FL  33756
Main: (727) 441-8966
Direct: (727) 444-1403
Fax: (727) 442-8470

*Attorneys for Defendant BayCare Home Care Inc.*